### Snitzler-Warner Company, Plaintiff in Error, v. Joseph Stein, Defendant in Error.

### Gen. No. 29,118.

CORPORATIONS—*when transaction constitutes purchase of class "B" securities under Securities Law.* Where the owner of capital stock, which he purchased from one of the organizers of the corporation in a transaction which was, on the part of such organizer, for his own account exclusively and not made in the course of continued and repeated transactions of a similar nature, became by such purchase and the transfer of the stock a qualified stockholder entitled to purchase increased capital stock of the corporation and he purchased such increased stock without any commission to solicitors, both transactions came within section 5 of the Securities Law, Cahill's Ill. St. ch. 32, ¶ 258, as class "B" securities and the note given in payment for such increased stock was enforceable though the statements and documents required by section 9 of the act to be filed with the Secretary of State had not been filed until after the transaction in question.

Error by plaintiff to the Municipal Court of Chicago; the Hon. JOSEPH W. SCHULMAN, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1924. Reversed and remanded. Opinion filed October 7, 1924.

FASSETT, ABBOTT & HUGHES, for plaintiff in error; JOHN E. HUGHES, of counsel.

ARND, GAVIN, COOK & GRIFFIN, for defendant in error; EDGAR J. COOK, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This is a suit upon a promissory note in which a verdict was directed against the plaintiff, who brings the record here for review. The note was executed March 24, 1921, by defendant in error Stein and made payable to the Oaras Apron Manufacturing Company for certain shares of its capital stock for which certificates were issued to said Stein. Plaintiff in error acquired it after its maturity.

It is the contention of defendant in error that the sale of the stock was void for noncompliance with the provisions of the act known as the Illinois Securities Law and that, therefore, the note is unenforceable. This contention rests upon the claim that the securities so sold fell within the class of securities designated by the act as Class "D," the sale of which is forbidden until there shall have been filed in the office of the Secretary of State certain statements and documents required by section 9 of the Act [Cahill's Ill. St. ch. 32, ¶ 262]. Such a statement was not filed until after the transaction in question.

It is the contention of plaintiff in error that they fell within Class "B." Section 5 of the Illinois Securities Law, approved June 10, 1919 (Laws of 1919, p. 351) provides that securities in Class "B" shall include securities:

"(1) Sold by the owner for the owner's account exclusively when not made in the course of continued and repeated transactions of a similar nature;

"(2) Increased capital stock of a corporation sold or distributed by it among its stockholders without the

payment of any commission or expense to solicitors, agents or brokers in connection with the distribution thereof; * * *''

It also provides that:

"Securities in Class 'B,' when disposed of by the persons and in the manner provided by this section, shall not be subject to the provisions of this act."

At the time the note was given, Stein was the holder of certain shares of capital stock of said company issued to him November 29, 1920. The evidence shows that he acquired the last-mentioned stock from one Munson, one of the organizers of the company; that it was a transaction on Munson's part for his own account exclusively not made in the course of continued and repeated transactions of a similar nature, and so apparently one coming within the terms of paragraph 1 of said section 5, above quoted. If that be so, then Stein by the issuance of said certificate was a legally qualified stockholder of the company, and as such was entitled to purchase increased capital stock of the corporation by the note in question, provided the sale was made without any commission or expense to solicitors, etc., as provided in paragraph 2 of said section 5. The evidence shows that it was a sale of increased capital stock effected without any such payment. Hence both the stock sold by Munson and that sold by the company to said Stein were disposed of by persons and in the manner authorized by said section, and, therefore, as provided in the last quoted part of the section, were not subject to the provisions of the act.

Falling as the securities did in Class "B," it is immaterial that the transactions took place before the filing of the statement required by section 9 [Cahill's Ill. St., ch. 32, ¶ 262] as it has no relation to securities of that class. The sale of the stock in question, therefore, not having been made in violation of any of the provisions of the act, is not one declared void by sec-

tion 37 thereof [Cahill's Ill. St. ch. 32, ¶ 290], and the court should upon the undisputed facts have granted the motion of plaintiff instead of defendant for a directed verdict.

Some question is raised as to where the burden of proof lay, and defendant in error cites paragraph 2, sec. 37, which was incorporated in the act by amendment after the transaction in question. (Laws of 1921, p. 357.) It is unnecessary to discuss the point, for wherever the burden of proof lay we think the evidence clearly establishes that the securities in question fell in Class "B," and, therefore, were not subject to the provisions of the act.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

FITCH, P. J., and GRIDLEY, J., concur.